UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEIL CLIPPER,

                           Plaintiff,

    - against -

TOTALLYHER MEDIA, LLC

                           Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Neil Clipper ("Clipper" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant TotallyHer Media, LLC ("Totally" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Teresa and Joseph Giudice at their wedding owned and registered by Clipper, a New Jersey based wedding photographer. Accordingly, Clipper seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Clipper is a professional wedding photographer, having a usual place of business at 416 East Central Blvd, Palisades Park, New Jersey, 07650.

6. Upon information and belief, Totally is a limited liability corporation duly organized and existing under the laws of the State of California, with a place of business at 215 Park Avenue, 2nd Floor, New York, NY 10003. Upon information and belief, Totally is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Totally has owned and operated a website at the URL: www.realitytea.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. On October 23, 1999, Clipper photographed Teresa and Joseph Giudice at their wedding (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Clipper is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 000-200-7067.

**B. Defendant's Infringing Activities**

10. Upon information and belief, on or about August 29, 2010, Totallyran an article on the Website entitled *The Real Housewives of New Jersey Before They Were Famous*! See http://www.realitytea.com/2010/08/29/photos-the-real-housewives-of-new-jersey-before-they-were-famous/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

11. Totally did not license the Photograph from Plaintiff for its article, nor did Totally have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TOTALLY)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Totally infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Totally is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Totally have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TOTALLY
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, in its article on the Website, Totally intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

20. The conduct of Totally violates 17 U.S.C. § 1202(b).

21. Upon information and belief, Totally's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Totally intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Totally also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

23. As a result of the wrongful conduct of Totally as alleged herein, Plaintiff is entitled to recover from Totally the damages, that he sustained and will sustain, and any gains,

profits and advantages obtained by Totally because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from Totally statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Totally be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Totally be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph.

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.	That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7.	That Plaintiff be awarded pre-judgment interest; and

8.	Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
         June 27, 2016

					LIEBOWITZ LAW FIRM, PLLC

					By: /s/Richard Liebowitz
					       Richard P. Liebowitz
					11 Sunrise Plaza, Suite 301
					Valley Stream, NY 11580
					Tel: (516) 233-1660
					RL@LiebowitzLawFirm.com

					*Attorney for Plaintiff Neil Clipper*